**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 05-4301**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JAMES MARCUS LLOYD, III,

Defendant - Appellant.

_____

Appeal from the United States District Court for the District of South Carolina, at Columbia.   Cameron McGowan Currie, District Judge.   (CR-04-769)

_____

Submitted:  August 12, 2005        Decided:  October 25, 2005

_____

Before NIEMEYER, MICHAEL, and KING, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Langdon D. Long, Assistant Federal Public Defender, Columbia, South Carolina, for Appellant.  Jonathan S. Gasser, Acting United States Attorney, Stacey D. Haynes, Assistant United States Attorney, Columbia, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

James Marcus Lloyd, III, was convicted of one count of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), (e) (2000). On appeal, Lloyd contends the district court erred by denying to suppress the gun found on his person. Finding no error, we affirm.

We review factual findings underlying a district court's suppression determination for clear error and the district court's legal conclusions de novo. United States v. Rusher, 966 F.2d 868, 873 (4th Cir. 1992). When a suppression motion has been denied, this court reviews the evidence in the light most favorable to the Government. United States v. Seidman, 156 F.3d 542, 547 (4th Cir. 1998).

"An officer may, consistent with the Fourth Amendment, conduct a brief, investigatory stop when the officer has a reasonable, articulable suspicion that criminal activity is afoot." Illinois v. Wardlow, 528 U.S. 119, 123 (2000); Terry v. Ohio, 392 U.S. 1 (1968). To conduct a Terry stop, there must be "at least a minimal level of objective justification for making the stop." Wardlow, 528 U.S. at 123. Reasonable suspicion requires more than a hunch but less than probable cause and may be based on the collective knowledge of officers involved in an investigation. Id.; see also United States v. Hensley, 469 U.S. 221, 232 (1985).

Officers conducting a lawful Terry stop may take steps reasonably necessary to protect their personal safety, check for identification, and maintain the status quo. Hensley, 469 U.S. at 229, 235; see also United States v. Moore, 817 F.2d 1105, 1108 (4th Cir. 1987) (brief but complete restriction of liberty is valid under Terry).

Once a stop is conducted, "if the officer believes that the person being stopped 'may be armed and presently dangerous,' the officer may frisk the person by patting his outer clothing 'in an attempt to discover weapons which might be used to assault [the officer].'" United States v. Mayo, 361 F.3d 802, 805 (4th Cir. 2004) (quoting Terry, 392 U.S. at 30) (alteration in original).

We find the district court's factual findings were not clearly erroneous. We further find law enforcement authorities had reasonable suspicion to stop the car in which Lloyd was a passenger and to search Lloyd for a firearm after he refused to follow instructions.

Accordingly, we affirm the conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

- 3 -